IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tonya T., | ) | Case No.: 4:23-cv-03106-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin O'Malley, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III ("Report and Recommendation" or "Report" or "R&R"), under Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Tonya T.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Martin O'Malley,[2] Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). The Magistrate Judge issued the Report on July 12, 2024, recommending the Commissioner's decision be affirmed. (DE 27.) On July 26, 2024, Plaintiff objected to the Report. (DE 28.) Defendant replied in opposition. (DE 29.)

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

1

Having carefully considered Plaintiff's objection and the applicable law, the Court affirms the decision of the Commissioner.

## BACKGROUND

The Report sets forth the relevant facts and legal standards, which this Court incorporates here without a full recitation. (DE 27.) However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary. Plaintiff was between the ages of 45-49 years old during the relevant time period, and seeks disability benefits before October 16, 2019, at which time Plaintiff was determined to be disabled. (DE 11-9, p. 56.) Plaintiff's disability is based on PTSD, severe depression, anxiety, bipolar, scoliosis, and arthritis. (DE 11-3, p. 3.) She has past relevant work experience as a receptionist. (DE 11-8, p. 22.) Plaintiff contends the Magistrate Judge failed to overturn the Administrative Law Judge's ("ALJ") decision based on the (1) "Evaluation of the medical source opinion evidence" (DE 27, pp. 1-7), (2) "Evaluation of residual functional [('RFC')] capacity findings" (*id.*, pp. 7-10), and (3) "Evaluation of subjective complaints" (*id.*, pp. 10-11). Plaintiff requests that this matter be remanded. (DE 28.) Conversely, the Commissioner asserts that Plaintiff's objections should be overruled and the Report adopted. (DE 29.)

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court only reviews the report and recommendation for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); *see also Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[3] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. *See Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitute the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted

---

[3] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Administrative Law Judge ('ALJ')]." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id*.

## DISCUSSION

First, as to Plaintiff's objection to the Magistrate Judge's adoption of the ALJ's "Evaluation of the medical source opinion evidence" (DE 27, pp. 1-7), she states:

> the ALJ's general allusion to prior testimony is insufficient to allow court review of the ALJ's consideration of testimony and records documenting hallucinations. The ALJ reiterated other parts of her 2023 testimony and other pieces of evidence from the 2023 decision but failed to include any reference to psychotic features. There is no valid explanation for omitting the testimony or records documenting hallucinations. These references are particularly relevant in this case given that the ALJ determined [Plaintiff] has a severe impairment that includes psychotic features.

(DE 28, p. 2.) Specifically, Plaintiff contends her RFC is "not reviewable in a meaningful way by the court" because the ALJ "provided no analysis of the allegations or evidence in assessing the functional limitations resulting from this impairment," especially in light of her hallucinations related to "shadows," "people talking in her house," "her deceased (sic) mother-in law at her bed," and the smell of "smoke from a deceased man in her house" (DE 28, pp. 2-3).

4

To the contrary, the Report properly addresses both supportability and consistency, the two most important factors in assessing medical opinion evidence. (DE 27, pp. 9-19.) *See also* 20 C.F.R. § 404.1520c(b)(2). As to supportability, the Report notes, "prior to November 2018," Dr. Bjork found Plaintiff to be cooperative and calm with a normal appearance; no delusions, obsessions, or hallucinations; an appropriate affect; intact associations; logical/goal-directed thought process; fair judgment and insight; and an average fund of knowledge (DE 11-7, pp. 2, 4, 6, 8, and 50.) After Dr. Bjork's November 2018 Medical Source Statement, Plaintiff continued to be cooperative with a normal appearance; no delusions, obsessions, or hallucinations; an appropriate affect; intact associations; logical/goal directed thought process; fair judgment and insight; and an average fund of knowledge (*Id.*, pp. 91, 193, DE 11-13, pp. 73-74). Therefore, Dr. Bjork's extreme medical opinion was not wholly supported by her own examinations of Plaintiff. In addition, as for consistency, the ALJ explained that Dr. Bjork's opinion was inconsistent with treatment notes from other providers, the frequency of treatment,[4] and claimant's daily activities (DE 11-8, p. 21). Therefore, the Court overrules Plaintiff's objection.

---

[4] The Report properly noted the following:

> As to the frequency of visits, Plaintiff cannot reasonably argue both that the frequency of visits was medically appropriate and that Plaintiff would have gone more frequently if she had insurance. The record shows Plaintiff continued going to the community mental health clinic as she did with insurance or without insurance. Frequency of visits was but one reason of several cited by the ALJ as support for finding Dr. Bjork's opinions not persuasive.

(DE 27, p. 15.) The report properly addressed Plaintiff's argument regarding the frequency of visits.

5

Next, as to Plaintiff's specific objection to the "Evaluation of residual functional capacity findings," she states, "there is evidence to refute the ALJ's conclusion that [Plaintiff] needed no limitations in dealing with supervisors." (DE 28, p. 10.) But this assertion—however accurate—misapprehends the substantial evidence standard. It matters not that Plaintiff can identify evidence that arguably could support an alternative finding, but rather the only legal question for this Court is whether substantial evidence supports the ALJ's decision. *See Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (explaining that there is "a zone of choice within which the decisionmakers can go either way, without interference by the courts"). Given that the ALJ expressly discussed Plaintiff's ability to socially navigate the administrative process, the healthcare system, and various activities of daily living (DE 11-8, pp. 15-21), and that Plaintiff herself reported that she got along well with authority figures which includes bosses (DE 11-6, p. 19), the ALJ properly summarized the objective evidence and Plaintiff's course of treatment. The ALJ did not suggest or require that Plaintiff's alleged limitations be validated by objective support. To the contrary, the ALJ found a myriad of evidence indicative of the ability to work, including Plaintiff's routine mental treatment record during the relevant period, her activities of daily living, and the state agency psychologists' findings (DE 11-8, pp. 16-21). Accordingly, the Court overrules Plaintiff's objection.[5]

---

[5] Plaintiff's reliance on *Shelley C. v. Commissioner*, 61 F.4th 341 (4th Cir. 2023), is misplaced. The ALJ in *Shelley C.* erred because he "dismiss[ed] Shelley C.'s subjective complaints based *entirely* upon the belief that they were not corroborated by the record's medical evidence." 61 F.4th at 360 (emphasis in original). Thus, the ALJ erred by "requiring that her subjective statements be validated by objective medical support." *Id.* at 362 (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020)). Instead, an ALJ "is

Lastly, Plaintiff objects to the "Evaluation of subjective complaints." Plaintiff contends:

> The ALJ's conclusion that Dr. Bjork's opinion was not persuasive or supportive of [Plaintiff]'s subjective complaints was improperly based on the ALJ's unsubstantiated inference that genetic testing was not a valid medical diagnostic tool. The ALJ also failed to explain how [Plaintiff]'s limited activities of daily living were inconsistent with her application for disability (Dkt. 17 at 31-35).

(DE 28, p. 10.) As to Plaintiff's argument about genetic testing, she appears to rely solely on Dr. Bjork's statement that genetic testing showed Plaintiff was predisposed to "PTSD and poor stress resilience" and that people in this "patient population" may not find "typical medical treatment" very beneficial. (DE 11-7, p. 114.) However, this Court is unaware of an instance in which Dr. Bjork opines that Plaintiff's genetic testing showed that she should not be treated because it would have no benefit. In contrast, it appears that Plaintiff continued to treat with Dr. Bjork after noting the genetic predisposition and Dr. Bjork did not state what *non*-typical treatment might be more beneficial. Instead, bolstering the ALJ's finding that Dr. Bjork's opinion was inconsistent with her treatment, Dr. Bjork continued to recommend *typical* treatment, such as medication management, during appointments. (*Id.*, pp. 92, 194; DE 11-13, pp. 74, 86.)

---

required to *balance* the record evidence as '[a] report of . . . inconsistencies in the objective medical evidence is one of the many factors . . . consider[ed] in evaluating'" the intensity and persistence of the claimant's symptoms. *Id.* at 360 (emphasis added) (quoting SSR 16-3p, 2016 WL 1119029, at *5). Further, the ALJ in *Shelley C.* concluded that the claimant's statements conflicted with her mental status examinations and treatment history, which the *Shelley C.* court noted were not, in fact, "generally benign" or "routine and conservative," respectively, as the ALJ had stated. *Id.* at 362–64.

Plaintiff further argues that the Report provides "post hoc argument," in lieu of reasoning by the ALJ. (*Id.*) However, these arguments are similar to arguments already addressed herein. Nevertheless, the Court finds that the Report outlines how the Magistrate Judge was able to trace the ALJ's logic from the evidence to the conclusion that Plaintiff could perform a range of simple work contrary to Dr. Bjork's and Plaintiff's assertions during the relevant time period. *See, e.g.*, *Heeman v. Colvin*, No. CIV.A. 2:13-3607-TMC, 2015 WL 5474679, at *3 (D.S.C. Sept. 16, 2015) ("Attempting to offer a post hoc conclusion, however, is not analogous to the situation here, where the Commissioner is merely attempting to point to support in the record for the ALJ's finding."); *Slice v. Berryhill*, No. 6:16-CV-2933-PMD-KFM, 2018 WL 388002, at *2 (D.S.C. Jan. 12, 2018). Since the Report comprehensively and ably addresses this objection and the other matters above, the Court overrules Plaintiff's collective objections.

## CONCLUSION

For these reasons, the Court adopts the Report and Recommendation (DE 27) and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

Florence, South Carolina
September 18, 2024

Joseph Dawson, III
United States District Judge